UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIPRA KOCHAR, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>WALMART, INC.,<br><br>          Defendant. | Case No.  21-cv-02343-JD<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 43 |

Defendant Walmart's motion to dismiss the consolidated complaint is denied. Dkt. No. 42 (complaint); Dkt. No. 43 (motion). Named plaintiffs have Article III standing to sue because they plausibly alleged the economic injury of paying a premium for baby food advertised as healthy when it is said to have contained excessive levels of non-naturally occurring heavy metals. *See, e.g.*, Dkt. No. 42 ¶¶ 17, 23, 129-32; *see also Davidson v. Kimberley-Clark Corp.*, 889 F.3d 956, 965-66 (9th Cir. 2018). The same allegations in the consolidated complaint demonstrate that named plaintiffs have standing to sue for injunctive relief because they alleged that they would be willing to buy Walmart's baby food again but would not be able to trust its marketing representations. *Davidson*, 889 F.3d at 969-70; *Milan v. Clif Bar & Co.*, 489 F. Supp. 3d 1004, 1006-07 (N.D. Cal. 2020). The factual allegations in the complaint amply satisfy Rule 8 and Rule 9(b) of the Federal Rules of Civil Procedure. This is true for the unjust enrichment and quasi-contract claim, which the Court declines to dismiss at the pleading stage. To the extent this claim poses an undue conflict with the record after discovery, Walmart may ask to revisit the issue on summary judgment.

**IT IS SO ORDERED.**

Dated: April 25, 2022

JAMES DONATO
United States District Judge